ELECTRONICALLY FILED - 2021 Apr 22 1:18 PM - JASPER - COMMON PLEAS - CASE#2021CP2700170

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF JASPER ) | FOURTEENTH JUDICIAL CIRCUIT |
| ) | C/A NO.: 21-CP-27-00170 |
| John Thomas Akehurst, Jr. and Barbara Lee ) | |
| Akehurst ) | |
| ) | **SUMMONS** |
| PLAINTIFFS, ) | (Jury Trial Demanded) |
| ) | |
| vs. ) | |
| ) | |
| Buckwalter Trucking, LLC and Lamar A. ) | |
| Buckwalter, ) | |
| ) | |
| DEFENDANTS. ) | |

TO:   BUCKWALTER TRUCKING, LLC AND LAMAR A. BUCKWALTER, THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in the above-entitled action, a copy of which is hereby served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office at 151 Broad Street, Bennettsville, South Carolina, within thirty (30) days of service, exclusive of the date of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff herein will apply to the Court for the relief demanded in said Complaint.

(*Signature page to follow.*)

ELECTRONICALLY FILED - 2021 Apr 22 1:18 PM - JASPER - COMMON PLEAS - CASE#2021CP2700170

**DOUGLAS JENNINGS LAW FIRM, LLC**

By:    *s/Douglas Jennings, Jr.*
        Douglas Jennings, Jr. (Bar #2987)
        J. Michael Baxley (Bar #591)
        Mason William King (Bar #100149)
        151 Broad St., P. O. Box 995
        Bennettsville, SC 29512-0995
        (843) 479-2865 Office
        (843) 479-2866 Fax
        doug@jenningslawoffice.com
        mike@jenningslawoffice.com
        mason@jenningslawoffice.com

        *ATTORNEYS FOR PLAINTIFFS*

April 22, 2021
Bennettsville, South Carolina

ELECTRONICALLY FILED - 2021 Apr 22 1:18 PM - JASPER - COMMON PLEAS - CASE#2021CP2700170

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF JASPER ) <br> ) <br> John Thomas Akehurst, Jr. and Barbara Lee ) <br> Akehurst, ) <br> ) <br>          PLAINTIFFS, ) <br> ) <br>    vs. ) <br> ) <br> Buckwalter Trucking, LLC and Lamar A. ) <br> Buckwalter, ) <br> ) <br>          DEFENDANTS. ) | IN THE COURT OF COMMON PLEAS <br> FOURTEENTH JUDICIAL CIRCUIT <br> C/A NO.: 21-CP-27-00170 <br><br> **COMPLAINT** <br> (Jury Trial Demanded) |

Plaintiffs John Thomas Akehurst, Jr. and Barbara Lee Akehurst, through their undersigned attorneys, complain of the defendants as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This suit arises out of an automobile collision that occurred in Jasper County, South Carolina on August 12, 2020.

2. Plaintiffs John Thomas Akehurst, Jr. and Barbara Lee Akehurst, who are husband and wife, are residents and citizens of North Carolina.

3. Upon information and belief, Defendant Buckwalter Trucking, LLC is a business incorporated under the laws of Pennsylvania and regularly conducts business in South Carolina, including Jasper County.

4. Upon information and belief, Defendant Lamar A. Buckwalter is a resident and citizen of Pennsylvania.

5. This Court has personal jurisdiction over the above-named parties and subject matter jurisdiction over the claims asserted in this Complaint.

ELECTRONICALLY FILED - 2021 Apr 22 1:18 PM - JASPER - COMMON PLEAS - CASE#2021CP2700170

6. Venue is proper pursuant to § 15-7-30 of the South Carolina Code of Laws, as amended.

**FACTUAL ALLEGATIONS**

7. On August 12, 2020, Plaintiff John Thomas Akehurst, Jr. (hereinafter "Plaintiff Akehurst") was lawfully and prudently driving his 2015 Toyota Prius and was traveling south on I-95 near Hardeeville, South Carolina, in Jasper County.

8. At the same time, Defendant Lamar A. Buckwalter was driving a 2009 Kenworth tractor-trailer and he was also traveling south on I-95 and was behind Plaintiff Akehurst's Toyota Prius.

9. As Plaintiff Akehurst was lawfully and prudently traveling in the southbound lane on I-95, he encountered heavy traffic ahead of him that was at a stop, so he brought his Toyota Prius to a lawful and safe stop.

10. While Plaintiff Akehurst was stopped on I-95 due to the standstill traffic ahead of him, Defendant Lamar A. Buckwalter violently collided the tractor-trailer he was driving into the rear of Plaintiff Akehurst's Toyota Prius.

11. This initial collision propelled Plaintiff Akehurst's Toyota Prius forward, causing it to collide into the vehicle that was stopped in front of him, and the force of this initial collision was so great and immediate that Plaintiff Akehurst's vehicle was forced under the vehicle in front of him, crushing Plaintiff Akehurst and his vehicle.

12. At all times relevant herein, Defendant Lamar A. Buckwalter was operating the 2009 Kenworth tractor-trailer as an agent or employee of Defendant Buckwalter Trucking, LLC, and Defendant Lamar A. Buckwalter was operating the Kenworth tractor-trailer while in the course and scope of his employment with Defendant Buckwalter Trucking, LLC, and the Defendant

ELECTRONICALLY FILED - 2021 Apr 22 1:18 PM - JASPER - COMMON PLEAS - CASE#2021CP2700170

Buckwalter Trucking, LLC is liable for the negligent acts or omissions of its employee/agent under the common law, the Federal Motor Carrier Safety Regulations, and the theories of *respondeat superior*, agency, master/servant liability, and vicarious liability.

13.     As a result of this violent collision, Plaintiff Akehurst suffered serious and permanent injuries and damages, which are more fully outlined herein.

## FOR A FIRST CAUSE OF ACTION
(Negligence, Negligence *per se*, Gross Negligence, and Recklessness as to both Defendants)

14.     Each allegation contained above is re-alleged and incorporated by reference.

15.     Defendant Lamar A. Buckwalter had a duty to use reasonable and due care while operating a commercial motor vehicle.

16.     Defendant Lamar A. Buckwalter also had a duty to comply with all applicable traffic laws, and both Defendants had a duty to comply with all rules and regulations of the Federal Motor Carrier Safety Act.

17.     Defendant Buckwalter Trucking, LLC is vicariously liable for the acts and omissions of its employees and agents, including the acts and omissions Defendant Lamar A. Buckwalter committed in the course and scope of his employment on August 12, 2020.

18.     Defendants breached these duties in one or more of the following particulars:

   a. In failing to keep a proper lookout;

   b. In traveling at a speed which was too fast for the conditions then existing, in violation of South Carolina Code Section 56-5-1520;

   c. In failing to see or observe things that a reasonable person would see or observe;

   d. In failing to yield the right-of-way;

   e. In failing to maintain proper control of the Kenworth tractor-trailer;

   f. In failing to take any evasive action, by any means, to keep from colliding with Plaintiff Akehurst's vehicle;

ELECTRONICALLY FILED - 2021 Apr 22 1:18 PM - JASPER - COMMON PLEAS - CASE#2021CP2700170

g. In causing a chain-reaction collision and multi-vehicle pileup in the southbound lane of I-95;

h. In failing to exercise that degree of care which a reasonable and prudent person operating a commercial motor vehicle would have exercised under the same or similar circumstances;

i. In operating the Kenworth tractor-trailer with a reckless disregard for the rights and safety of other motorists, including Plaintiff Akehurst;

j. In failing to comply with the Federal Motor Carrier Safety Act's regulations and industry standards;

k. In driving while inattentive and/or distracted; and,

l. In committing such other acts or omissions and violating such other duties as may be revealed during discovery or at the trial of this case.

19. In breaching these duties and committing these acts and/or omissions, Defendants acted in a way that was negligent, grossly negligent, willful, wanton, or reckless.

20. Defendants' negligence, gross negligence, willfulness, wantonness, and recklessness were the direct, foreseeable, and proximate cause of Plaintiffs' injuries and damages; and Plaintiffs are entitled to an award of all actual, consequential, and incidental damages, as well as an award of punitive damages against both Defendants, jointly and severally.

**FOR A SECOND CAUSE OF ACTION**
(Negligent Hiring and Entrustment as to Defendant Buckwalter Trucking, LLC)

21. Each allegation contained above is re-alleged and incorporated by reference.

22. Defendant Buckwalter Trucking, LLC owed a duty to Plaintiff Akehurst and others to hire only personnel who were appropriate to operate commercial motor vehicles and not to hire or use personnel who would place Plaintiff Akehurst and others at a risk of bodily injury or death.

23. Defendant Buckwalter Trucking, LLC breached that duty by hiring personnel who committed the acts described in this Complaint, and in fact encouraging the same by entrusting Defendant Buckwalter to drive the subject tractor-trailer, when Defendant Buckwalter Trucking,

ELECTRONICALLY FILED - 2021 Apr 22 1:18 PM - JASPER - COMMON PLEAS - CASE#2021CP2700170

LLC knew or should have known that Defendant Buckwalter was too incompetent, unfit, inexperienced, and/or reckless to operate the tractor-trailer, which created an appreciable risk of harm to the motoring public, including Plaintiff Akehurst.

24.     Defendant Buckwalter Trucking, LLC had knowledge that the driver of their commercial vehicle committed wrongful prior conduct, but Defendant Buckwalter Trucking, LLC failed to remedy the situation.

25.     As a result of Defendant Buckwalter Trucking, LLC's acts and/or omissions, Plaintiff Akehurst is entitled to actual and punitive damages for physical injuries which he has and will continue to suffer, past and future medical and surgical expenses, pain and suffering, mental anguish, emotional distress, loss of human dignity, loss of enjoyment of life, permanent impairment and disfigurement, and other damages caused by the same, in an amount to be determined at the trial of this action.

**FOR A THIRD CAUSE OF ACTION**
(Negligent Training and Supervision as to Defendant Buckwalter Trucking, LLC)

26.     Each allegation contained above is re-alleged and incorporated by reference.

27.     Defendant Buckwalter Trucking, LLC owed a duty to Plaintiff Akehurst and others to properly train and supervise its personnel and to determine if these persons were appropriate to operate commercial motor vehicles, and to not allow these personnel to place Plaintiff and others at a risk of bodily injury or death, all in violation of the FMCSA regulations and reasonable safety standards in the commercial trucking industry.

28.     Defendant Buckwalter Trucking, LLC breached that duty by failing to properly train and supervise the personnel who committed the acts described in this Complaint and others, and Defendant Buckwalter Trucking, LLC had knowledge that Defendant Buckwalter was likely to commit and/or did commit wrongful conduct, but failed to remedy the situation.

ELECTRONICALLY FILED - 2021 Apr 22 1:18 PM - JASPER - COMMON PLEAS - CASE#2021CP2700170

29. As a result of Defendant Buckwalter Trucking, LLC's acts and/or omissions, Plaintiff Akehurst is entitled to actual and punitive damages for physical injuries which he has and will continue to suffer, past and future medical and surgical expenses, pain and suffering, mental anguish, emotional distress, loss of human dignity, loss of enjoyment of life, permanent impairment and disfigurement, and other damages caused by the same, in an amount to be determined at the trial of this action.

## FOR A FOURTH CAUSE OF ACTION
(Negligent Retention as to Defendant Buckwalter Trucking, LLC)

30. Each allegation contained above is re-alleged and incorporated by reference.

31. Defendant Buckwalter Trucking, LLC owed a duty to Plaintiff Akehurst and others to investigate the wrongful and unacceptable conduct of its personnel and take appropriate action.

32. Defendant Buckwalter Trucking, LLC breached that duty by failing to undertake any appropriate investigation, discharge, remedial training, or reassignment.

33. As a result of Defendant Buckwalter Trucking, LLC's acts and/or omissions, Plaintiff Akehurst is entitled to actual and punitive damages for physical injuries which he has and will continue to suffer, past and future medical and surgical expenses, pain and suffering, mental anguish, emotional distress, loss of human dignity, loss of enjoyment of life, permanent impairment and disfigurement, and other damages caused by the same, in an amount to be determined at the trial of this action.

34. As a direct and proximate result of the wrongful acts and/or omissions set forth above as committed by all Defendants, Plaintiff Akehurst has suffered:

    a. serious personal injuries requiring hospitalization and surgery;

    b. pain and suffering;

    c. mental anguish and emotional distress;

ELECTRONICALLY FILED - 2021 Apr 22 1:18 PM - JASPER - COMMON PLEAS - CASE#2021CP2700170

    d. loss of enjoyment of life;

    e. permanent impairment;

    f. permanent disfigurement;

    g. past and future medical and surgical expenses & other pecuniary losses; and

    h. any and all other damages recoverable under South Carolina law applicable to personal injury cases.

35. Upon information and belief, due to Defendants' acts and/or omissions, Plaintiff Akehurst is entitled to judgment against both Defendants, jointly and severally, for his actual damages and for punitive damages in an amount to be determined by the jury.

### FOR A FIFTH CAUSE OF ACTION
(Loss of Consortium)

36. Each allegation contained above is re-alleged and incorporated by reference.

37. Defendants owed a duty of care to Plaintiffs.

38. Defendants breached this duty owed to Plaintiffs.

39. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, willful, wanton, or reckless conduct of Defendants, and their breach of due care, Plaintiff Barbara Lee Akehurst, wife of Plaintiff John Thomas Akehurst, Jr., has been forced to endure substantial losses of the marital rights to company, society, cooperation, affection, assistance, fellowship, aid, and relations with her spouse, Plaintiff John Thomas Akehurst, Jr.

40. Due to Defendants' acts and/or omissions, Plaintiff Barbara Lee Akehurst asserts her derivative loss of consortium claim and is entitled to judgment against both Defendants, jointly and severally, for her own actual damages and for punitive damages in an amount to be determined by the jury.

ELECTRONICALLY FILED - 2021 Apr 22 1:18 PM - JASPER - COMMON PLEAS - CASE#2021CP2700170

WHEREFORE, Plaintiffs pray that this Court enter judgment on their behalf against Defendants, jointly and severally, for Plaintiffs' actual and punitive damages in an amount to be determined by a jury, for the reasonable costs of this action, and for such other and further relief that this Court may deem just and proper.

**DOUGLAS JENNINGS LAW FIRM, LLC**

By:  *s/Douglas Jennings, Jr.*
Douglas Jennings, Jr. (Bar #2987)
J. Michael Baxley (Bar #591)
Mason William King (Bar #100149)
151 Broad St., P.O. Box 995
Bennettsville, SC 29512-0995
(843) 479-2865 Office
(843) 479-2866 Fax
doug@jenningslawoffice.com
mike@jenningslawoffice.com
mason@jenningslawoffice.com
*ATTORNEYS FOR PLAINTIFFS*

April 22, 2021
Bennettsville, South Carolina