**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| John Thomas Akehurst Jr. and Barbara Lee Akehurst, | Civil Action No. 9:21-CV-01506-RMG |
| Plaintiffs, | **ORDER AND OPINION** |
| v. | |
| Buckwalter Trucking, LLC, Lamar A. Buckwalter, | |
| Defendants. | |

Before the Court is Plaintiffs' motion to compel Defendants to provide more complete responses to Plaintiffs' discovery requests. (Dkt. No. 20). For the reasons stated below, the motion is denied.

**I.     Background**

This matter arises out of an automobile collision that occurred on August 12, 2020 in Jasper County, South Carolina. (Dkt. No. 1-1 at ¶ 1). Plaintiff John Thomas Akehurst, Jr. alleges he was stopped on I-95 at standstill traffic when Defendant Lamar A. Buckwalter collided his tractor-trailer into the rear of Plaintiff's Toyota Prius. (*Id*. at ¶ 10). Plaintiffs bring claims for negligence, negligence *per se*, and gross negligence as to both Defendants. Plaintiffs bring claims for negligent hiring and entrustment; negligent training and supervision; and negligent retention as to Defendant Buckwalter Trucking, LLC. Plaintiffs also bring a loss of consortium claim. Plaintiffs seek a judgment against Defendants jointly and severally for actual and punitive damages. (*Id.* at ¶ 35).

On July 22, 2021, Plaintiffs served Defendants with First Set of Interrogatories (ROGs) and First Set of Requests for Production of Documents (RFPs). (Dkt. No. 20-1). Plaintiffs

1

maintain the primary aim of these discovery requests is for Plaintiffs to investigate the financial wherewithal of Defendants to respond to any judgment which may exceed available liability coverage. (Dkt. No. 20-2). On August 24, 2021, Defendants served responses to Plaintiffs' discovery requests. (Dkt. No. 20-3). In a letter to Defense counsel dated August 26, 2021, Plaintiffs' counsel noted perceived deficiencies in Defendants' responses to Plaintiffs' discovery requests that sought Defendants' financial data and insurance coverage and narrowed the discovery requests in an attempt to resolve the discovery dispute. (Dkt. No. 20-4).

On September 15, 2021, Plaintiffs filed the instant motion to compel Defendants to respond to Plaintiffs' discovery requests seeking Defendants' financial information and insurance coverage. (Dkt. No. 20). Defendants filed a response in opposition. (Dkt. No. 24). The matter is ripe for the Court's review.

## II.     Legal Standard

Parties to a civil litigation "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information is relevant if it has any tendency to make a fact of consequence to the action more or less probable than it would be otherwise. Fed. R. Evid. 401. The district court may broadly construe rules enabling discovery, but it "must limit the frequency of extent of discovery otherwise allowed" if it determines that the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; if the requesting party "had had ample opportunity to obtain the information by discovery in the action"; or if it is otherwise "outside the scope permitted by Rule 26(b)(1)." Fed R. Civ. P. 26(b)(2). The district court treats an "evasive or incomplete" discovery response as "a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "The scope and conduct of

discovery are within the sound discretion of the district court." *Columbus-Am. Discovery Grp. V. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1993).

### III. Discussion

In their motion to compel, Plaintiffs maintain Defendants have failed to respond to Plaintiffs' ROGs and RFPs that seek discovery related to Defendants' financial data and insurance coverage. In a letter dated August 26, 2021, Plaintiffs' counsel narrowed these discovery requests in an effort to resolve this dispute. (Dkt. No. 23 at 4; Dkt. No. 20-4). The narrowed discovery requests are as follows:

**A. Financial Data**

- ROGs (3)-(4) list of names and addresses of any banks or financial institutions where Defendant Buckwalter Trucking, LLC has had a business line of credit or loan in 2019, 2020, and 2021; and banks or financial institutions where Defendant Lamar A. Buckwalter has had a personal line of credit or loan in 2019, 2020, and 2021;

- ROG (5) provide names and addresses of any CPA or accounting firm which has performed services for Buckwalter Trucking LLC during 2019, 2020, and 2021. (Dkt. No. 20-4 at 4);

- RFP (3) provide Financial Statement and the Profit and Loss Statement for Buckwalter Trucking, LLC for 2019, 2020, and 2021;

- RFP (4) disclose the names and addresses of all owners and/or officers of Defendant Buckwalter Trucking, LLC;

- RFP (5) produce a copy of State and Federal tax returns with all scheduled and attachments for Defendants from 2018 through present.

(Dkt. No. 20-4 at 4, items 1-5; Dkt. No. 23 at 5). Plaintiffs argue these discovery requests are relevant because it will assist Plaintiffs in determining Defendants' ability to pay any judgment which may exceed available liability coverage including a punitive damages verdict should one be awarded. (Dkt. No. 23 at 9). Defendants object to these requests on several grounds such as the requests are harassing, invasive, overly broad, not reasonably calculated to lead to the discovery

3

of admissible information in that the requests seek private financial information, and no evidence tending to suggest either Defendant acted in a reckless or wanton manner that would entitle Plaintiffs to an award of punitive damages. (Dkt. No. 20-3 at 5-6; 9-12). In response to Plaintiffs' motion to compel, Defendants argue these discovery requests are improper because Plaintiffs have not set forth a viable claim for punitive damages. (Dkt. No. 24 at 6).

For discovery purposes, documents related to Defendants' financial condition becomes relevant if Plaintiffs' claim for punitive damages is viable. *Nix v. Hollbrook*, Civil Action No. 5:13-02173, 2015 WL 791213, at * 3 (D.S.C. Feb. 25, 2019). There is no controlling authority that establishes a standard for what a plaintiff must show in order to discover a defendant's financial condition. *E.E.O.C. Envtl. & Demolition Servs., Inc.*, 246 F.R.D. 247, 249 (D. Md. 2007). Courts in the District of South Carolina require a plaintiff to make a prima facie showing of his entitlement to punitive damages before he can discover the defendant's financial condition, albeit not necessarily during summary judgment. *Kappel v. Garris*, No. 2:19-cv-498-DCN, 2020 WL 707123, at *3 (D.S.C. Feb. 12, 2020); *Moore v. BPS Direct, LLC*, Civil Action No. 2:17-3228-RMG, 2019 WL 2950082, at * 2 (D.S.C. July 9, 2019); *Cardoso v. Holder Constr. Co.*, C.A. No.: 2:16-cv-1058-PMG, 2017 WL 976315, at *2 (D.S.C. Mar. 14, 2017); *Nix*, 2015 WL 791213, at * 3 (" . . . the court declines at this time to require production of sensitive documents until after Plaintiff has established the viability of his claim for punitive damages.). In order to receive an award of punitive damages under South Carolina law, Plaintiffs must prove by clear and convincing evidence Defendants' misconduct was "willful, wanton, or in reckless disregard of the plaintiff's rights." *Lister v. NationsBank of Delaware, N.A.*, 494 S.E.3d 449, 458 (S.C. Ct. App. 1997).

4

Plaintiffs argue there is sufficient evidence to establish a prima facie case for punitive damages, thus making Defendants' financial information relevant. (Dkt. No. 23 at 9). Plaintiffs argue the pre-litigation joint inspection "clearly proves liability" and provides "substantial uncontradicted evidence" which shows Defendant Lamar A. Buckwalter drove his tractor-trailer into the rear of Plaintiffs' stopped vehicle and opens Defendants up to punitive damage exposure. (Dkt. No. 23 at 2, 9). Plaintiffs maintain a jury could determine Defendants violated S.C. Code § 56-5-1520 (general rules as to maximum speed limits; lower speeds may be required) and §56-5-1930 (following too closely), and the violation of a statutory provision is evidence of "recklessness and willfulness, requiring the submission of punitive damages to the jury." *Wise v. Broadway*, 433 S.E.2d 857, 859 (S.C. 1993); (Dkt. No. 23 at 1-2, 9-10). Plaintiffs argue they suffered severe and permanent injuries from the accident and over $210,000 in medical expenses. (Dkt. No. 23 at 9-10). Plaintiffs maintain the "actual damages alone would easily exceed $1,000,000." (*Id.* at 2).

Defendants argue Plaintiffs have not set forth a prima facie claim for punitive damages. Defendants argue discovery has just begun, Plaintiffs' discovery requests do not focus on the elements required to prove Plaintiffs' claims, and at the filing of the motion to compel, no depositions had been taken. (Dkt. No. 24 at 9). Further, Plaintiffs have not provided any evidence the actual damages alone would exceed $1,000,000, or in excess of Defendants' appliable insurance policy. (*Id.* at 7).

After careful consideration of the parties' arguments on this issue, the Court finds that Plaintiffs have not established a prima facie case of punitive damages. Plaintiffs' motion to compel as to Plaintiffs' discovery requests that seek financial data from Defendants is denied without prejudice pending a determination that Plaintiff has made a prima facie showing they are entitled to punitive damages.

**B. Insurance Coverage**

In addition to seeking Defendants' financial data, Plaintiffs' discovery requests seek to clarify whether the sole insurance policy disclosed thus far is the only insurance policy applicable to the claims in this case. (Dkt. No. 23 at 5).

In short, ROG 1 seeks the names and addresses of all insurance companies which have liability insurance coverage which may potentially have coverage for either Defendant which could be applicable to the claims in this case including (1) primary liability policies; (2) excess or umbrella policies; (3) shippers' policies; (4) brokerage policies or leasehold entity policies; (5) policies providing separate coverage for the trailer or load being transported at time of collision. For each policy set forth the policy number(s) and amount of coverage. If Defendant has entered into any agreements with respect to self-insured retention amounts or insurance program agreements, identify all documents that relate to the applicable policy period. (Dkt. No. 20-1 at 3, ROG 1).

As to subpart (1) Defendants state the only appliable primary liability policy is Daily Underwriters of America Policy # PAPDUOA44823, which has liability limits of $1,000,000. In response to subparts (3)-(5), Defendants state "none known." (Dkt. No. 20-3 at 4). Defense counsel signed Defendants' responses to Plaintiffs' ROGs and RFPs, certifying the responses are true and correct to the best of counsel's knowledge and belief pursuant to Federal Rule of Civil Procedure 26(g). (Dkt. No. 24-2 at 1). The Court finds Defendants have fully responded to ROG 1 and have a continuing obligation to timely supplement their discovery responses pursuant to Federal Rule of Civil Procedure 26(e)(1) if any additional applicable insurance coverage is discovered. Plaintiffs' motion to compel is denied as to ROG 1.

In summary, ROG 2 states if "Defense counsel responds to [ROG 1] by disclosing no other potentially applicable insurance policy, please confirm under oath that defense counsel has made a diligent search and inquiry regarding any other potentially applicable coverage, and please confirm that both named defendants have been separately consulted regarding a full and complete sworn response to [ROG 1]." ROG 2 asks defense counsel to describe due diligence inquiries that have been made to respond to ROG 1 including the names of all persons who have been consulted with or have provided information to defense counsel. (Dkt. No. 20-1 at 4, ROG 2).

Defendants object to ROG 2 on the ground Defense counsel is not a party to the lawsuit and are not obligated to respond to this alleged discovery request. (Dkt. No. 20-3 at 4). The Court previously found Defendants fully responded to Plaintiffs' ROG 1 and Defense counsel signed Defendants' responses to Plaintiffs' ROGs and RFPs, certifying the responses are true and correct to the best of counsel's knowledge and belief. As such, Plaintiffs' motion to compel as to ROG 2 is denied.

### IV.   Conclusion

For the reasons stated above, Plaintiffs' motion to compel as to ROGs 1 and 2 is **DENIED.** (Dkt. No. 20). Plaintiffs' motion to compel as to the discovery requests that seek Defendants' financial data is **DENIED WITHOUT PREJUDICE**. (Dkt. No. 20).
**AND IT IS SO ORDERED**.

s/ Richard M. Gergel<br>
Richard M. Gergel<br>
United States District Judge

October 18, 2021
Charleston, South Carolina